## Ziccardi Appeal

*Ronald M. Agulnick,* for appellant.

*Robert W. Lentz,* for South Coventry Township.

MARRONE, J., December 21, 1971.—Appellant is the owner of a tract of land consisting of approximately 1.4 acres situated in South Coventry Township, Chester County, Pa. He applied for a permit to enlarge a stable situated on his land by adding three additional box stalls for horses. On July 21, 1970, he was denied the permit by the zoning administrative officer of the township and was advised of his right to appeal to the zoning hearing board of the township. This he did on July 26, 1970, in an application in which, as is so often done, he requested "an exception or variance" from the terms of the South Coventry Township Zoning Ordinance. That ordinance has been in effect in the township since February 3, 1964.

A hearing was held before the zoning hearing board pursuant to the application. Appellant was not repre-

sented by counsel at the hearing and was the only witness to testify on his own behalf. A group of property owners in the township appeared in opposition to the application. The board denied appellant's request and an appeal was perfected to this court.

The testimony before the board discloses that the property in question was occupied by appellant and his family as a residence. In addition to the residence, there was in existence a stable or barn which was the subject of a prior application in November of the preceding year for permission to operate a school of horsemanship and for the boarding of horses. Applicant testified before the board that he was granted a "variance" by the board with certain restrictions attached. He testified that he was interested in obtaining permission to enlarge this use primarily to board horses.

The decision of the zoning officer refusing to issue the building permit set forth among the reasons for the refusal that the stable was not in the nature of "normal agriculture use" but rather as "a commercial use that has been granted to you as an exception by the Board of Adjustment on 12 November, 1969." It also referred to the earlier grant as a "variance."

At argument before this court, counsel for appellant advanced the theory that the board erred in refusing to grant relief to the applicant, since boarding of horses is a permitted use under those uses set forth in the ordinance for "A" residential districts, in which appellant's land lies. He argues further that if this is not so, then there is a complete prohibition of such a use and thus the ordinance is invalid. Furthermore, appellant argues that he is entitled to the requested use as an expansion of a "nonconforming building" and that he is not precluded from raising the invalidity of

the ordinance even if the prior grant of a "variance" limited the use of the property.

Protestants argue that, in reality, the use here is a commercial one and could not be granted under any theory. They also argue that it is not an educational use, which is permitted by special exception. To sustain their position, counsel cites a case in this county in which our court held that a riding academy is not an educational use: Application of Burgoon, 17 Chester 309 (1969).

What we are faced with here is an applicant attempting to avoid having his use determined as an educational one and insisting that it is an agricultural use of the premises and the protestants arguing that it is not an agricultural use nor an educational use but a commercial use and thus not permitted.

Under section 301(5) of the ordinance, educational uses are permitted by special exception. While protestants are correct that this court has held a riding academy is not an educational use, the Burgoon case, supra, was reversed by the Commonwealth Court in 2 Com. Ct. 238 (1971), where it was held that a riding academy is an educational use. Therefore, if appellant were pressing for a riding academy use, he might have been able to bring himself within the terms of the exception.

For purposes of this appeal it is necessary to establish the status of the former grant to the applicant and its relation to the present application. This is so because the former application was granted subject to certain conditions, primarily a limitation as to the number of horses permitted in the conduct of the riding academy. We note that appellant, in his testimony before the board, stressed the fact that he was seeking only to board additional horses and not to increase the riding academy use. Regardless, we are of the opinion that

he has failed to meet the burden of showing his entitlement to a special exception as well as to a variance. All parties to this action refer to the prior grant, using the terms "variance" and "special exception" interchangeably as is evident even in the letter of refusal of the building permit, the application for the new permit and the arguments of counsel. There is no way of knowing whether when the prior permission was granted it was an exception under the terms of the ordinance as an educational use with restrictions attached, although the zoning officer's refusal refers to an "exception for commercial use." There was no appeal from that grant and its accompanying restrictions.

The board found as a fact that the applicant was not engaged in an agricultural pursuit. We find no error in this finding. Nor is it evident that the board erred in concluding that the applicant was not entitled to an exception or variance. No hardship was proven to entitle him to the latter, nor did he meet the burden of bringing himself under the terms of any of the enumerated exceptions in the ordinance.

The argument on the total prohibition of the requested activity has no merit. If it is a riding academy, there is provision for it in the ordinance. The record discloses that the applicant merely wanted to board additional horses to augment his income from the riding academy operation or to use them for riding lessons or both. There was no change in the property from the time the first permission was granted either as to size, use or buildings. To reverse the board's decision at this time would be tantamount to reviewing its prior actions and particularly the restrictions placed on the use granted at that time.

While the board failed to recognize some of the

issues presented by this appeal, the result was proper and we will not reverse.

ORDER

And now, December 21, 1971, the decision of the Zoning Hearing Board of the Township of South Coventry, Chester County, Pa., is hereby affirmed.